Case 2:24-cv-00149   Document 10   Filed on 08/02/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HEATHER NEISEN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00149 |
| | § | |
| KEN PAXTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Heather Neisen, appearing *pro se* and *in forma pauperis*, has filed this civil rights action, which the Court construes as being brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)[1]  She sues Texas Attorney General Ken Paxton, as well as the "Corpus Christi, Texas Child Support Office." *Id.* at 1.  She purports to sue both entities in their official capacities. *Id.* Plaintiff has also submitted a petition for an "*ex parte* restraining order" seeking "Urgent and Immediate Removal of Minor Children due to Severe Abuse and Legal Violations." (Doc. No. 5.)

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  For the reasons discussed below, the undersigned recommends that Plaintiff's case be DISMISSED without prejudice for lack of subject matter jurisdiction.  The district court should DENY as moot Plaintiff's request for the restraining order, and should DENY leave to amend.

### A. Plaintiff's allegations and legal claims.

---

[1] The Court construes Plaintiff's filing as a § 1983 lawsuit in part because, liberally construed, she is suing a state official for actions allegedly taken under color of state law and seeks monetary damages as part of her relief. (Doc. No. 1, p. 2.)

1 / 9

Plaintiff's complaint centers around a claim that her ex-husband is underpaying child support and that Attorney General Paxton and the Corpus Christi child support office "have deliberately and repeatedly failed to modify the child support order to reflect the obligor's true financial capability and the needs of the children." (Doc. No. 1, p. 1.)  She contends that the defendants have "breached their duty to diligently enforce the child support obligations under Texas law" and that their "failure to properly investigate and modify the child support order constitutes negligence." *Id*. at 2.

Plaintiff asks the Court to order an "immediate modification of the child support order to reflect the obligor's true financial capability and needs of the children," seeking "at least $100,000 in which obligor has evaded" and "at least $150,000 [] in damages and interest." (Doc. No. 1, p. 2.)  She also asks for "damages to compensate for the underpaid child support." *Id*.

In her petition for an *ex parte* restraining order, Plaintiff states that a Tennessee state court entered a parenting plan for the children, and that an appeal was subsequently filed in May 2024.  (Doc. No. 5, p. 3.)  "Since then," Plaintiff states, "unforeseen circumstances have arisen necessitating immediate modification for the well-being of the children and additional emergency relief." *Id*.  Plaintiff states that those circumstances include "increased psychological abuse" of the children by their father, as well as "neglectful supervision," "custodial interference," and "breach of court orders." *Id*. at 4.  Plaintiff argues that it is "unequivocally in the best interest" of the children to return to Tennessee, "where they can receive essential care and support in a stable environment while restraining [the father and another person] from abducting and coming about children in any fashion while appeal is pending." *Id*.

### B.  *Legal standard for screening.*

When a plaintiff seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege sufficient facts in

support of her legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id*. Furthermore, as Plaintiff proceeds *pro se*, the Court construes her complaint liberally in her favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Title 42, United States Code, section 1983, provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived her of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002) (*per curiam*).

### C. Discussion.

Plaintiff has the obligation of proving that federal jurisdiction exists, and a federal court has the obligation to assure itself of its own jurisdiction, doing so *sua sponte* if necessary. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 531 (5th Cir. 2022). Plaintiff attempts to invoke this Court's jurisdiction by alleging the existence of a federal question. *See* Doc. No. 1, p. 1 (citing 28 U.S.C. § 1331).

State law typically covers the enforcement of child support laws. *See McKenzie v. Texas*, No. 4:23-cv-00371-O-BP, 2023 WL 4828404, at *5 (N.D. Tex. June 16, 2023) (citing *Est. of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009)). Plaintiff offers no explanation of how a state child support proceeding presents a federally created cause of action that could govern this case, and the undersigned discerns none. *Cf. Janosek v. Gonzalez*, No. 2:17-CV-111, 2017 WL 8944035, at *2 (S.D. Tex. May 19, 2017) (Libby, M.J.), *adopted*, 2017 WL 3474104 (S.D. Tex. Aug. 11, 2017) (no federal question jurisdiction over action to modify custody and child support).

Exercise of jurisdiction by this Court would be inappropriate under these circumstances. The Fifth Circuit Court of Appeals has noted:

> "If a state trial court errs[,] the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court."

*Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) [bracket in original] (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, with her request for a change in the amount of child support, Plaintiff asks the Court to do precisely what the so-called *Rooker-Feldman* doctrine forbids: entertain a challenge to the state court order that set the amount of child support. She asks the Court to order a modification to the child support amount to be paid – a determination previously made by a state court. (Doc. No. 1, p. 2) (asking this Court to order "an immediate modification of the child support order to reflect the obligor's true financial capability and the needs of the children"). She also appears to challenge the state court order itself. *See* Doc. No.

1, p. 1. That final determination of a state court can be appealed only to the United States Supreme Court, and the *Rooker-Feldman* doctrine bars this Court's consideration of it.

If Plaintiff's action could be liberally construed as seeking an order directing the state court to modify the child support order that it issued, that relief is likewise not available. Federal courts lack authority to order state courts "'to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties.'" *See Valentinis-Dee v. Gunther*, Civ. No. H-23-716, 2023 WL 2959888, at *2 (S.D. Tex. Mar. 16, 2023) (Rosenthal, J.) (quoting *Moye v. Clerk, DeKalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

To the extent Plaintiff seeks this Court's action (whether through the requested *ex parte* restraining order or as part of the § 1983 suit) to vest custody of the children with her during the pendency of the appeal of the Tennessee state court's order entering the parenting plan, this Court should abstain from exercising jurisdiction. The *Younger* abstention doctrine[2] applies where a federal court would be required to intervene in an ongoing state judicial proceeding, the state has an important interest in regulating the subject matter of the claim, and the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). Federal courts consistently abstain from intervening in cases that are inextricably connected to the important state interests of child custody and domestic relations issues. *See Camacho v. Torres*, No. 1:21-cv-146, 2023 WL 4602772, at *9 (S.D. Tex. June 6, 2023) (Torteya, M.J.), *adopted*, 2023 WL 4602772 (July 18, 2023); *Stewart v. Wells*, No. 4:19-cv-598-P-BP, 2020 WL 3146866, at *15 (N.D. Tex. May 26, 2020) (quoting *Karl v. Cifuentes*, No. 15-cv-2542, 2015 WL 4940613, at *4 (E.D. Pa. Aug. 13,

---

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

6 / 9

2015) ("Custody cases are particularly appropriate for *Younger* abstention.")).  In this case, entertaining Plaintiff's claim for a restraining order would interfere with the ongoing state appeal in Tennessee.  Additionally, regulation of child custody and domestic relations matters is an important state interest, *see Camacho*, 2023 WL 4602772, at *9 (citing *Marlett v. Heath*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018)), and Plaintiff has already demonstrated that there is an adequate opportunity to appeal adverse judgment to the Tennessee appellate court – for she has filed just such an appeal.  *Younger* abstention is appropriate, so the district court should deny Plaintiff's motion for a restraining order.  To the extent the request for the restraining order could be liberally construed as being part of Plaintiff's § 1983 lawsuit,[3] the district court should dismiss that claim without prejudice.

In her request for the restraining order, Plaintiff appears to attempt to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.  *See* Doc. No. 5, p. 1.  Under the so-called "domestic relations exception" to federal diversity jurisdiction, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues.  *See Rykers v. Alford*, 832 F.2d 895, 899 (5th Cir. 1987).  "[F]ederal courts lack jurisdiction to 'issue divorce, alimony, and child custody decrees.'"  *Davis v. Lee*, Civ. No. 3:23-01056, 2024 WL 3216197, at *7 (W.D. La. June 12, 2024) (quoting *Merkel*, 354 F. App'x 88, 92 (5th Cir. 2009)); *see also Escalante v. Lidge*, 34 F.4th 486, 490-91 (5th Cir. 2022).

> Courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees;

---

[3] Perhaps unlikely, because Plaintiff does not explain how the defendants in this case (the Texas Attorney General and the Corpus Christi child support office) play any role in a Tennessee court's determination of custody.  But the *Younger* abstention doctrine would apply equally to the request for the restraining order and the § 1983 suit.

and (4) such cases serve no particular federal interest, while crowding the federal court docket.

*O'Connor v. State of Tex.*, No. 1:22-CV-1047-LY-ML, 2022 WL 22260212, at *3 (W.D. Tex. Nov. 28, 2022) (citing *Rykers*, 832 F.2d at 899-900). "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Rykers*, 832 F.2d at 900. Here, Plaintiff seeks this Court's determination about custody and the amount of child support. The district court should decline to exercise jurisdiction, because state courts are far better equipped to provide the relief Plaintiff seeks.

### D.  *Leave to amend should be denied.*

The undersigned is recommending dismissal of Plaintiff's claims. "When the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). But leave to amend need not be granted if amendment would be futile – for example, if an amended complaint would still fail to state a claim upon which relief may be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of amendment is adequate justification to refuse to grant leave to amend). Here, amendment would be futile. This Court lacks jurisdiction to consider Plaintiff's request to override the Texas state court's child support order and the Tennessee court's custody order.

### E.  *Conclusion and recommendations.*

The district court should DISMISS without prejudice Plaintiff's construed § 1983 suit against defendants Ken Paxton and the Corpus Christi child support office. The district court

should DENY as moot Plaintiff's request for the restraining order seeking custody of the children (Doc. No. 5). The district court should DENY leave to amend.

### F. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 2, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge