Case 2:24-cv-00149   Document 12   Filed on 08/26/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
August 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HEATHER NEISEN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00149 |
| | § | |
| KEN PAXTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The undersigned previously recommended dismissal of Plaintiff Heather Neisen's complaint without prejudice for lack of subject matter jurisdiction, and also recommended denial of leave to amend. (Doc. No. 10.) In response, Plaintiff has now filed an "amended petition to file suit" (Doc. No. 11), which the undersigned construes as a motion for leave to amend her complaint. The district court should DENY that motion because amendment would be futile.

### A. *Background and proceedings.*

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this civil rights action, which the Court construes as being brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)[1] She sued Texas Attorney General Ken Paxton, as well as the "Corpus Christi, Texas Child Support Office." *Id.* at 1. She purported to sue both entities in their official capacities. *Id.* Plaintiff also submitted a

---

[1] The Court construed Plaintiff's filing as a § 1983 lawsuit in part because, liberally construed, she is suing a state official for actions allegedly taken under color of state law and seeks monetary damages as part of her relief. *See* Doc. No. 1, p. 2.

petition for an "*ex parte* restraining order" seeking "Urgent and Immediate Removal of Minor Children due to Severe Abuse and Legal Violations."  (Doc. No. 5.)

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  The undersigned screened Plaintiff's complaint and recommended its dismissal.  (Doc. No. 10.)  Plaintiff was given an opportunity to respond to that recommendation, and did so by filing an "amended petition to file suit," which the undersigned construes as a motion for leave to amend.  (Doc. No. 11.)

### B.  *Plaintiff's original allegations and legal claims.*

Plaintiff's complaint centers around a claim that her ex-husband is underpaying child support and that Attorney General Paxton and the Corpus Christi child support office "have deliberately and repeatedly failed to modify the child support order to reflect the obligor's true financial capability and the needs of the children."  (Doc. No. 1, p. 1.)  In her original complaint, she contended that the defendants have "breached their duty to diligently enforce the child support obligations under Texas law" and that their "failure to properly investigate and modify the child support order constitutes negligence."  *Id*. at 2.

Plaintiff asked the Court to order an "immediate modification of the child support order to reflect the obligor's true financial capability and needs of the children," seeking "at least $100,000 in which obligor has evaded" and "at least $150,000 [] in damages and interest."  (Doc. No. 1, p. 2.)  She also asked for "damages to compensate for the underpaid child support."  *Id*.

In her petition for an *ex parte* restraining order, Plaintiff stated that a Tennessee state court entered a parenting plan for the children, and that an appeal was subsequently filed in May 2024.  (Doc. No. 5, p. 3.)  "Since then," Plaintiff stated, "unforeseen circumstances have arisen necessitating immediate modification for the well-being of the children and additional

emergency relief." *Id*. Plaintiff stated that those circumstances included "increased psychological abuse" of the children by their father, as well as "neglectful supervision," "custodial interference," and "breach of court orders." *Id*. at 4. Plaintiff argued that it was "unequivocally in the best interest" of the children to return to Tennessee, "where they can receive essential care and support in a stable environment while restraining [the father and another person] from abducting and coming about children in any fashion while appeal is pending." *Id*.

### C. *The screening recommendation: dismissal without leave to amend.*

The undersigned recommended dismissal of Plaintiff's complaint without prejudice for lack of subject matter jurisdiction, and also recommended denial of Plaintiff's bid for a restraining order. (Doc. No. 10, pp. 4-8.) The dismissal recommendation was based first on the *Rooker-Feldman* doctrine, which prohibits federal courts from entertaining challenges to state court orders, such as child support orders. *Id.* at 5-6.[2] To the extent that Plaintiff's claim could be construed as seeking an order directing the state court to modify its child support order, that relief is also unavailable, because federal courts lack the authority to direct state courts and their judicial officers in the performance of their duties. *Id.* at 6 (citing *Valentinis-Dee v. Gunther*, Civ. No. H-23-716, 2023 WL 2959888, at *2 (S.D. Tex. Mar. 16, 2023) (Rosenthal, J.)). The undersigned additionally recommended dismissal, pursuant to the *Younger* abstention doctrine, of Plaintiff's construed request to vest custody of the children with her while the appeal of the Tennessee parenting plan is pending. *Id.* at 6-7.[3] Finally, the undersigned recommended denial

---

[2] *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923).

[3] *See Younger v. Harris*, 401 U.S. 37 (1971).

of Plaintiff's request for a restraining order, because the Court's diversity jurisdiction does not allow it to issue divorce, alimony, child support, or child custody decrees. *Id.* at 7-8.

The undersigned recommended denial of leave to amend, reasoning that amendment would be futile because the Court "lacks jurisdiction to override the Texas state court's child support order and the Tennessee court's custody order." (Doc. No. 10, p. 8.)

### D.  The construed motion for leave to amend.

In her most recent filing, Plaintiff continues to contend that her ex-husband has been underpaying child support, and that Attorney General Paxton and the Corpus Christi child support office "have deliberately and repeatedly failed to modify the child support order to reflect the obligor's true financial capability and the needs of the children." (Doc. No. 11, pp. 1-2 ¶¶ 3.1-3.3.)

Plaintiff distills her allegations into three legal claims, two of which she had raised in her original complaint: Plaintiff continues to assert her state-law breach of duty and negligence claims, that the defendants have "breached their duty to diligently enforce the child support obligations under Texas law" and that their "failure to properly investigate and modify the child support order constitutes negligence." (Doc. No. 11, p. 2 ¶ 4.1.)  Plaintiff has now added a new allegation, that "[b]y failing to provide the necessary child support enforcement services," the defendants "have violated 42 U.S.C. § 654, which mandates state compliance with federal child support enforcement requirements." *Id.*

Plaintiff has adjusted her request for relief somewhat, asking the Court to order "retroactive child support from July 2016 to May 2024 at the capped amount of $3,220 monthly, to fit the most accurate amount evaded, with interest." (Doc. No. 11, p. 2 ¶ V.A.)  She also seeks

"interest on the allegedly delinquent child support payments." *Id.* ¶ V.B.  And she continues to ask for unspecified "damages to compensate for the underpaid child support." *Id.* ¶ V.C.

Also appearing for the first time in the construed motion for leave to amend is an attempt to invoke this Court's supplemental jurisdiction.  *See* Doc. No. 11, p. 1 ¶ 2.1 (citing 28 U.S.C. § 1367).

### E.  Legal standard for assessing proposed amendments to complaints.

Federal Rule of Civil Procedure 15(a)(2) directs trial courts to freely grant leave to amend when justice so requires, and "the language of the rule evinces a bias in favor of granting leave to amend."  *Jones v. Robinson Prop. Gp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).  Even so, district courts possess discretion to grant or deny such motions, and a court does not abuse that discretion if it denies a motion for leave to amend for a substantial reason.  *See Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023).  "[L]eave to amend is never automatic." *Regalado v. Hidalgo Cnty.*, Civ. No. 7:23-290, 2024 WL 2305262, at *18 (S.D. Tex. Apr. 25, 2024) (Alanis, M.J.), *adopted*, 2024 WL 2304268 (S.D. Tex. May 21, 2024) (citing *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979)).

In determining whether to grant leave to amend, courts consider factors including "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) prejudice to the opposing party; and (6) futility of amendment." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2005).  The presence of even one of these factors is enough to justify denial of leave to amend, but if none of them are present, the court should grant leave to amend.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th

Cir. 2003); *Jack v. Evonik Corp.*, 79 F.4th 547, 565 (5th Cir. 2023) (quoting *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015)). In this case, amendment would be futile.

### F. Amendment would be futile, so the district court should deny leave to amend.

In the prior memorandum, the undersigned recommended dismissal for lack of subject matter jurisdiction. The proposed amendment also fails to trigger subject matter jurisdiction, so the district court should deny leave to amend because amendment would be futile.

Plaintiff has the obligation of proving that federal jurisdiction exists, and a federal court has the obligation to assure itself of its own jurisdiction, doing so *sua sponte* if necessary. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 531 (5th Cir. 2022). Having previously failed to invoke this Court's jurisdiction by alleging a federal question, *see* Doc. No. 1, p. 1 (citing 28 U.S.C. § 1331), Plaintiff now alleges that 42 U.S.C. § 654 provides subject matter jurisdiction. (Doc. No. 11, p. 2 ¶ 4.1.) Unfortunately for Plaintiff, it does not, and Plaintiff's attempt to invoke supplemental jurisdiction is similarly unavailing.

### 1. 42 U.S.C. § 654 does not provide Plaintiff with a private right of action in this case.

When relying on a statute to provide a basis for relief through § 1983, a plaintiff must show that the particular statute provides an "unambiguously conferred right" with an "unmistakable focus on the benefitted class." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 282 (2002). Plaintiff cannot meet that burden here.

Section 654 is part of Title IV-D of the Social Security Act. Plaintiff claims that the statute "mandates state compliance with federal child support enforcement requirements." (Doc. No. 11, p. 2 ¶ 4.1.) The statute is made up of various subsections, each of which imposes certain

obligations on states. Plaintiff does not specify which particular portion of § 654 allegedly provides her with any rights, but liberal construction of Plaintiff's claim unearths 42 U.S.C. § 654(4)(B), which directs states to include as part of their state plans for child support a provision "that the State will … enforce any support obligation established with respect to … a child with respect to whom the State provides services under the plan … or … the custodial parent of such a child."

But as courts have noted, that provision focuses on state agencies' plans for child support, and directs that such state plans should provide for the enforcement of such support. Section 654 does not focus on individual beneficiaries, and so it does not provide a private right of action allowing Plaintiff to sue a state or its employees to secure benefits specifically for her or for her children. *See Cuvillier v. Taylor*, 503 F.3d 397, 406-07 (5th Cir. 2007); *accord Clark v. Portage Cnty., Ohio*, 281 F.3d 602, 604-05 (6th Cir. 2002); *Quinn v. North Carolina Dep't of Health and Human Servs.*, No. 3:20CV169, 2020 WL 4468728, at *2 (W.D.N.C. Aug. 4, 2020); *see also Malhan v. Grewal*, No. 2:16-cv-8495, 2021 WL 4473104, at *8 (D.N.J. Sept. 30, 2021) ("federal courts have consistently held that Congress did not intend any subsections within these provisions [42 U.S.C. §§ 654 and 657] to benefit individuals and, therefore, to contain a private right."). To create a private right of action through § 1983, Congress must have unambiguously conferred the right on the individual. *See Cuvillier*, 503 F.3d at 406-07. Section 654(4)(B) does not mention any private right that it creates or protects for Plaintiff, so Plaintiff cannot sue to enforce it. For that reason, Plaintiff should not be permitted to amend her complaint to add this claim.

### 2. *The district court should decline to exercise supplemental jurisdiction.*

Plaintiff also attempts to invoke supplemental jurisdiction as a means of securing a foothold in federal court. *See* Doc. No. 11, p. 1 ¶ 2.1 (citing 28 U.S.C. § 1367). But as discussed in the earlier memorandum and recommendation, Plaintiff's previous claims were all state claims – they do not arise under any federal statute, and they do not trigger federal question jurisdiction under 28 U.S.C. § 1331. And this Court lacks subject matter jurisdiction over Plaintiff's most recent claim under 42 U.S.C. § 654. This Court therefore can consider Plaintiff's remaining claims only if it exercises supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

The general rule in this circuit, however, is that state law claims should be dismissed when the federal claims to which they are pendent are dismissed. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *see also Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing *Batiste v. Island Recs., Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial ….").

There is no federal interest in adjudicating Plaintiff's state law claims, and indeed the undersigned has recommended their dismissal under the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine, among other reasons. No significant federal resources have been devoted to this Court's consideration of Plaintiff's state law claims, *cf. Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing common law factors of judicial economy, convenience, fairness, and comity in deciding whether to retain supplemental jurisdiction over state claim), and there is simply no reason to retain this case in federal court. The district court

should decline to exercise supplemental jurisdiction in this case, and instead should dismiss Plaintiff's state law claims without prejudice to her raising those claims in a state court.  *Cf. Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 184-85 (5th Cir. 2020) (dismissal of claim without prejudice, when based on decision not to exercise supplemental jurisdiction).

### *G.  Conclusion and recommendations.*

Plaintiff's proposed amended complaint, even liberally construed, still does not enough vest this Court with subject matter jurisdiction.  The district court should therefore DENY Plaintiff's construed motion for leave to amend (Doc. No. 11) because amendment would be futile.

As previously recommended, the district court should DISMISS without prejudice Plaintiff's construed § 1983 suit against defendants Ken Paxton and the Corpus Christi child support office.  And the district court should DENY as moot Plaintiff's request for the restraining order seeking custody of the children (Doc. No. 5).

### *H.  Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

    SIGNED on August 26, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge